**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**December 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SILVESTRE MAYORQUI RIVERA,
a/k/a Chikali,

    Defendant - Appellant.

No. 15-1228
(D.C. No. 1:10-CR-00164-REB-2)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **GORSUCH**, Circuit Judges.

---

Eleven years ago, in the federal government's most secure prison, two inmates killed a third. Silvestre Rivera promptly admitted that he was one of the assailants. But he claimed he acted in self-defense. The government disagreed. It saw the killing as a gang-ordered "hit." At a trial seeking to prove as much prosecutors asked pointed questions of a defense witness during cross-examination. Mr. Rivera says one of these questions implied prejudicial facts about him that weren't supported by the record. He thinks the district court

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

committed plain error when it allowed this question to be asked and, on this basis, he asks us to overturn the jury verdict against him.

The key question came in the government's cross-examination of Arcadio Perez. Like Mr. Rivera, Mr. Perez was an inmate at the Administrative Maximum Facility (ADX) prison in Florence, Colorado. On cross-examination, the government challenged Mr. Perez by asking: "But you knew that Mr. Rivera had come over to ADX and *brought that final piece*, that final message over, that *the green light was activated* on Mr. Torrez [the victim] and it was time to kill him, didn't you?" R.O.A. IV at 1560 (emphases added). On the government's theory of the case, Mr. Rivera and Mr. Torrez were members of the same gang, Mr. Torrez had fallen out of favor with gang leaders, Mr. Rivera was ordered to kill Mr. Torrez upon his transfer to ADX, and a "green light" is slang for a gang-ordered hit on a straying member.

The defense objected to the government's question. It argued that the evidence produced during the trial to that point failed to support an implication that a "green light" existed or that Mr. Rivera had anything to do with it. In response to the defendant's objection, the government offered to provide any necessary further foundational evidence the court might require during rebuttal, after the defense's case-in-chief. In light of that proffer, the court conditionally allowed the question. Mr. Perez proceeded to answer the question favorably to the defense, professing no knowledge of any "green light." And the parties chose

to leave the matter there.  After winning some important concessions during the remainder of the defendant's case-in-chief, the government announced its wish to forgo a rebuttal case and rest.  At that point, too, the defense declined to press for any rebuttal evidence, seemingly content to leave the matter lie.  And, ultimately, the jury rendered a verdict in favor of the government.

Now Mr. Rivera argues that the district court erred.  On his account, the district court should have, on its own motion, required the government to produce its previously promised rebuttal evidence.  Even though he himself admittedly made no such demand.  Mr. Rivera notes that, under our precedents, "a prosecutor who asks the accused a question that implies the existence of a prejudicial fact must be prepared to prove that fact."  *United States v. Silverstein*, 737 F.2d 864, 868 (10th Cir. 1984).  And he suggests that the government's failure to present a rebuttal case means that it failed to make good on that obligation.

At the same time, Mr. Rivera acknowledges that our standard of review here is quite demanding.  He admits that his failure to renew his objection at the close of his case and to press the government for rebuttal evidence means we may review the district court's judgment only if its failure to order rebuttal evidence on its own initiative amounted to plain error.  *See, e.g.*, *Huddleston v. United States*, 485 U.S. 681, 690 n.7 (1988).  And no doubt our standard of review is so demanding here for good reason.  Not infrequently an objector may wish to forgo insisting on the introduction of previously promised foundational evidence out of

- 3 -

concern that persisting in the demand may only invite the introduction of more harmful proof, doing him more harm than good in the end. Especially where, as here, the question posed falls flat and yields no inculpating testimony. Indeed, for all we know, that's exactly the sort of calculation the defense made here.

However that may be, no plain error exists here for at least two reasons. One legal, one factual.

First the legal. Mr. Rivera insists that we should only allow a party to ask cross-examination questions that are *already* supported by facts in the record. Promises to produce foundational facts later, he says, should never suffice. In support of his argument, Mr. Rivera points us to a Ninth Circuit decision that suggests a prosecutor's "good faith" basis for a question must be "established to the satisfaction of the court, outside the presence of the jury, *before the question is asked*." *United States v. Davenport*, 753 F.2d 1460, 1463-64 (9th Cir. 1985) (emphasis added). But about this much we have our doubts. Take the Supreme Court's later decision in *Huddleston*. There the Court seemed to allow a prosecutor to introduce evidence whose admissibility depended on foundational proof that the prosecutor in good faith promised to produce later in the proceedings. 485 U.S. at 690-91 & n.7. The Ninth Circuit's decision in *Davenport* predates *Huddleston* and does not attempt to account for its seeming approval of this procedure. Neither, for that matter, has this court ever gone quite as far as the Ninth Circuit, either before or after *Huddleston*. In *Silverstein* we

- 4 -

said only that the government, acting in good faith, must *be prepared* to prove — not that it *has to prove* — a foundational fact before asking a question. And, indeed, some other circuits eschew *Davenport* in favor of this very approach. *See, e.g.*, *United States v. Malik*, 928 F.2d 17, 24 (1st Cir. 1991). Given the current state of the law, then, we simply cannot say the district court *plainly* erred, if it erred at all, by permitting the government's question based on a good faith promise to provide foundational evidence later instead of demanding an immediate break in the trial proceedings to consider foundational evidence first.

Second, the factual. On the record before us, we don't see how any putative error here could have affected Mr. Rivera's "substantial rights" and thus qualify as plain. *Before* posing its question the government presented video evidence of inmate bystanders calmly continuing their workouts during the killing — evidence tending to suggest the killing wasn't spontaneous but instead gang-approved. The government also presented testimony that inmates can spread "green lights" through even highly secure prisons using drain pipes, sign language, and other means. And the government presented testimony that, if his killing of a gang member like Mr. Torrez wasn't gang-approved, Mr. Rivera himself would have faced immediate and serious gang retaliation. Yet nothing of the sort occurred. *After* posing its question, the government produced yet further evidence of its theory, even during the defendant's case-in-chief. For example, Mr. Rivera's own expert admitted that when a "green light" is ordered, it is

carried out as soon as possible.  And the facts revealed that Mr. Rivera killed Mr. Torrez almost immediately after his arrival at ADX.  Mr. Rivera himself testified, too, that ADX prisoners were "starved" for information from the outside when he arrived.  Testimony, which considered together with the inmate bystanders' calm reaction to the killing, tends to support the inference that Mr. Rivera arrived at ADX with word of a "green light" that inmates hadn't known about previously.  In combination, these facts suffice to establish at least a good faith, if not unassailable, basis for the government's question.  True, some of the factual predicate came after rather than before the question.  But so long as a good faith predicate is eventually presented it's hard to see how a defendant's substantial rights might be affected.  After all, even under *Davenport* no more than a good faith predicate is ever required for a cross-examination question.  And so the fact that the predicate may have come (partly) after — rather than before — the question can be no more than a harmless error.  To hold otherwise would be to elevate form over substance.

    Affirmed.

                                     ENTERED FOR THE COURT

                                     Neil M. Gorsuch
                                     Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | December 09, 2016 | Chris Wolpert<br>Chief Deputy Clerk |

Mr. O. Dean Sanderford
Office of the Federal Public Defender
Districts of Colorado and Wyoming
633 17th Street, Suite 1000
Denver, CO 80202

**RE:** **15-1228, United States v. Rivera**
Dist/Ag docket: 1:10-CR-00164-REB-2

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:   J. Bishop Grewell

EAS/lg